Commonwealth *v.* Salvatori, Appellant.

Commonwealth *v.* Harris, et al., Appellants.

Argued June 13, 1975.

*David R. Bahl*, with him *McCormick, Lynn, Reeder, Nichols & Sarno*, for appellant, Lloyd J. Salvatori.

*T. Max Hall*, and *McNerney, Page, Vanderlin & Hall*, for appellant, Gary W. Harris.

*Lester L. Greevy, Jr.*, and *Greevy, Knittle & Mitchell*, for appellant, John P. Rushoe.

*Gregory Smith*, with him *Allen E. Ertel*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 22, 1975:

On January 3 and 5, 1974, one Rodney G. Phillips engaged in conversations with Officer Lloyd J. Salvatori of the Muncy Borough Police Department. During these conversations Phillips had concealed under his coat a tape recorder and microphone with which he recorded the conversations. Present during these conversations were Officers Gary W. Harris and John P. Rushoe, also of the Muncy Borough Police Department. As a result of these conversations Phillips brought charges of assault[1] and harassment[2] against Officer Salvatori. A preliminary hearing as to such charges was held on June 28, 1974. At the preliminary hearing Officers Salvatori, Harris and Rushoe made false statements as to the January 3 and 5 conversations. On the basis of the false statements and the tape recording of the conversations a grand jury indicted Officers Salvatori, Harris and Rushoe of perjury.[3]

1. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §2701.

2. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §2709.

3. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §4902.

On December 5, 1974, prior to their perjury trial appellants filed motions to suppress the tapes of the conversations between Phillips and Officer Salvatori. The only arguable basis for the suppression was a recently enacted amendment[4] to Chapter 57 of the Crimes Code,[5] which concerns invasion of privacy. The amendment to Section 5705 (a), states that "[a] person commits a misdemeanor of the second degree if he . . . makes use of any electronic, mechanical or other device for the purpose of eavesdropping." The amendment defines eavesdropping under Section 5701 as "[s]urreptitiously listening to, monitoring, transmitting, amplifying or recording the voice of another person without the knowledge and approval of such other person by use of an electronic, mechanical or other device." Further, the amendment reenacts Section 5703 which states that "no evidence obtained as a result of a violation of privacy or breach of privacy of messages shall be admissible as evidence in any legal proceeding." The amendment in question was enacted December 27, 1974, and contains no effective date. Section 1701 (a) (5) of the Statutory Construction Act of 1972[6] provides that in such a situation the effective date shall be 60 days after final enactment. Therefore in the instant case the amendment to Chapter 57 of the Crimes Code became effective on February 25, 1975. Even though this effective date was over a year after the tapes had been made and not yet in effect when appellant's motions to suppress were filed, the appellants nevertheless argued that on the spirit of such amendment the tape re-

4. Act of December 27, 1974, P.L. 1007, No. 327, §2, 18 Pa. C.S. §5701 et seq. (Supp. 1975).

5. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §5701 et seq. (1973).

6. Act of November 25, 1970, P.L. 707, No. 230, as amended by Act of December 6, 1972, P.L. 1339, No. 290, §3, 1 Pa. C.S. §1701 (Supp. 1975).

corded conversations should be suppressed. It should be noted that prior to the amendment, Chaper 57 of the Crimes Code did not prohibit Phillips' taping of the conversations nor did it prohibit the resulting tapes from being introduced into evidence.[7] In response to appellant's argument the lower court on January 20, 1975, denied the motion to suppress if trial occurred prior to February 25, 1975, but granted the motion if trial occurred after that date.

Appellant then petitioned this court for allowance of a discretionary appeal from the interlocutory order pursuant to Section 501 of the Appellate Court Jurisdiction Act.[8] The petition was granted and a supersedeas was issued staying all proceedings at the trial level. Appellant's appeal to this court raises two issues. Appellant's first issue is whether the amendment to Chapter 57 of the Crimes Code should be applied at a trial held prior to February 25, 1975. Six months have already passed since February 25, 1975; therefore, this issue is moot.

Appellant's second contention is that Chapter 57, as amended, should be applied at his trial if it is held subsequent to February 25, 1975, the effective date of the amendment. While we agree that the amendment must be applied to any trial held after February 25, 1975, it does not necessarily follow that the application of such amendment will result in the suppression of the taped conversations under the facts of the instant case. As was stated above, the amendment re-enacted Section 5703 of Chapter 57. The relevant portion of that section states, "no evidence *obtained as a result of a violation of privacy or breach of privacy* shall be admissible as evidence in any legal proceeding." (Emphasis supplied.) At the time

---

7. Prior to the amendment Chapter 57 was limited only to protection of communications by telephone and telegraph.

8. Act of July 31, 1970, P.L. 673, No. 223, art. V, §501, 17 P.S. §211.501 (Supp. 1975).

Phillips engaged in the recording of conversations between himself and Officer Salvatori such activity was not a violation of privacy or a breach of privacy and would not become so until a year or more later. The determinative factor is not the date that the case goes to trial, but the date that the activity which produced the evidence in question was engaged in. Since Phillips' recording of the conversation occurred over a year before such activity was prohibited, it cannot be said that this evidence was "obtained as a result of a violation of privacy or breach of privacy."[9] Because such evidence was not "obtained as a result of a violation of privacy or breach of privacy," Section 5703 does not affect its admissibility. Had Phillips' recording been conducted subsequent to February 25, 1975, it would have been a breach of privacy and as a result would not have been admissible. Since this was not the factual situation of the instant case, the evidence, therefore, need not be suppressed simply because the trial happens to fall after the effective date of the amendment.

Accordingly the portion of the lower court's order suppressing the evidence in question, if the case goes to trial after February 25, 1975, is vacated.

VAN DER VOORT, J., dissents.

---

9. The argument that Phillips' behavior was a violation of privacy or breach of privacy on grounds other than the amendment in question was not raised and will, therefore, not be considered.